United States Courts
Southern District of Texas
FILED

JUL 2 1 2023

Nathan Ochsner, Clerk of Court

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

MATHEW OTERO

Plaintiff,

v.

ROCKPORT P.D,

NOAH LEUSCHNER

Defendants.

Civil Action No.: _____

## PLAINTIFF'S ORIGINAL COMPLAINT

COME NOW, MATHEW OTERO, Plaintiff, hereby allege the following:

## I.  PARTIES

1.      Plaintiff MATHEW OTERO is a resident and citizen of Texas. He brings this Section 1983 claim on behalf of himself.

2.      Defendant NOAH LEUSCHNER is an employee of Rockport Police Department and can be served with process at Rockport Police Department, 714E Concho St, Rockport, TX 78382.

Complaint 1

## II. JURISDICTION & VENUE

3.      This court, pursuant to 28 U.S.C. §§ 1331 has jurisdiction over this matter as it involves issues arising under the U.S. Constitution.

4.      Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred in Aransas County, Texas.

## III. INTRODUCTION

5.      Plaintiff brings this suit seeking relief and damages against Defendant Noah Leuschner, of  under 42 U.S.C. § 1983 for violation of his  Fifth and Fourteenth Amendment rights.

## IV. BACKGROUND

6.      In September 2022,  Defendant Noah Leushcner, violated Plaintiff's  constitutional rights by threatening, and unlawfully depriving Plaintiff of property under the color of the law.

7.      A 420F2 Backhoe, owned by Plaintiff was parked where Rockport city residents would consider as parking space. Designated specifically for street roadway / easement. Backhoe is also used for personal purposes, and by residents, to clean side-street (easements) of dirt debris and typical yard cleaning.

8.      Backhoe was parked in the same location for seven months though moved about 2 to 3 times a month for up to 1 to 5 days.

9.      Under the auspices of the law, a Notice of Violation was placed on the Backhoe ( as of

that time, it had only been in Fulton for one week.) The Notice stated: "Abandoned Motor

Vehicle - Notice of Violation."

10.     Under 'Specific Violations, ``Parked Illegally On Public Property or On Private Property

Without The Consent Of The Property Owner For More Than Forty-Eight Hours" was checked.

Notice was placed on September 15th at 8:12am. Entire neighborhood was aware of the Backhoe

being parked in the neighborhood and collectively value it for the purposes it serves.

11.     Every resident values the backhoe, and it is improbable that a resident raised issue that

Backhoe was parked for 48 hours without consent.

12.     Minutes before backhoe was towed, Plaintiff's wife, Sopheak Otero, noticed it being

loaded and ran towards the two Rockport Police officers on site seeking an explanation. Rather

than explanation they raised their hands and yelled at Plaintiff's to "Stay Back"

13.     Backhoe is Plaintiff's property and Plaintiff's wife, by law, has every right to ask

questions of why their Backhoe was being towed. Defendant provided no answers. But rather

yelled at Plaintiff's wife to stay back, while unlawfully removing their personal property. An

action that is a blatant violation of Plaintiff's Fifth and Fourteenth Amendment rights, for which

42 U.S.C. § 1983 allows for liability.

14.     Mrs. Otero, out of fear of not knowing why, and who was towing their Backhoe,

immediately called her husband. Plaintiff, Mathew Otero, arrived within minutes. Parking his

truck in front of the two trucks the scene.

Complaint 3

15.   Yards away, with towing vehicle escorted at the rear by two Rockport Police officers, Plaintiff approached the officers' demanding answers. Instead of explaining why the Backhoe was being towed, Defendant harassed and threatened Plaintiff that he would be thrown in jail without providing any reason for why Backhoe was being towed. An inherent violation of Plaintiff's constitutional rights under the color of the law.

16.   Bodycam Footage from the scene demonstrates the abject violation of Plaintiff's constitutional rights. Defendant knew who Plaintiff was. He was observed on camera stating, "Keep an eye out for a white Suburban or a gray Mercedes SUV, he'd be in either one of those". Plaintiff owns both of these vehicles and Defendant's statement shows that Plaintiff was targeted under the color of the law.

17.   Rather than provide legal grounds for depriving Plaintiff of his backhoe, Defendant counted  to five with his fingers, telling Plaintiff to back off or be sent to jail. Plaintiff committed no offense and did not deserve this sort of treatment from an officer of the law.

18.   Defendant was oppressive and irrational, he under the guise of his uniform, and under the color of the law violated Plaintiff's Fifth and Fourteenth amendment rights., causing damages of about $15,000.00 to Plaintiff's backhoe. This could have been prevented if the unlawful towing did not occur.

## V.  FACTUAL ALLEGATIONS

.   **Deprivation of Rights** (42 U.S.C. § 1983):

19.   The governing statute against official deprivation of rights generally states:

> Every person who, under color of any statute, ordinance…causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.

20.     Defendant Noah Leuschner violated Plaintiff's constitutional rights when he under the color of the law, and without any legal basis instructed a tow truck to remove Plaintiff's backhoe from a commonly shared space.

21.     Generally, " A defendant in a section 1983 suit acts under color of state law when he abuses the position given to him by the state. " *Mitchell v. Amarillo Hospital District*, 855 S.W.2d 857 (1993).  These abuses by Defendant, infringed on Plaintiff's Fifth and Fourteenth Amendment Rights.

22.     More so, "In order to state a claim upon which relief can be granted under § 1983, the complaint must show the deprivation of a right that is secured by the Constitution or laws of the United States " *Bradt v. Smith,* 634 F.2d 796 (1981). Facts below demonstrate that Plaintiffs Fifth and Fourteenth Amendments Rights were trampled on Defendant.

**Fifth and Fourteenth Amendment Violations**

23.     According to the Fifth and Fourteenth Amendments, No one shall be deprived of life, liberty, or property, "without due process of law."

24.     The removal, or rather, the confiscation of Plaintiff's backhoe without legal grounds, is a direct violation of these two Amendments. By the same reasoning, "A person is entitled to the

Complaint 5

protection of the Fourteenth Amendment only if he can show a deprivation of, or intrusion upon, a property right or liberty interest" *Richards v. City of Weatherford*, 145 F. Supp. 2d 786 (2001).

25.     Defendant's statement that "Keep an eye out for a white Suburban or a gray Mercedes SUV, he'd be in either one of those" shows that his actions were premeditated. Relatively, "the fundamental issue in due process law is not whether state officials violated state law, but whether they provided the plaintiff with the [federal] constitutional minima." *McIntosh v. Partridge*, 540 F.3d 315 (2008).

26.     How did officer Noah Leuschner accurately guess two different models of vehicles owned by Plaintiff? Any answer to this question will only further confirm that Plaintiff was deprived of property without due process of law. Hence Defendant is liable under Section 1983 for violating Plaintiff's Fifth and Fourteenth Amendment rights.

**Officer Noah Leuschner is Not Entitled to Immunity**

27.     To ascertain the applicability of immunity, " A court must first determine whether the plaintiff has alleged a violation of a clearly established constitutional right, which is a purely legal question." *McAdoo v. Texas,* 565 F. Supp. 2d 733 (2005).

28.     According to the U.S. Supreme Court, "State officials sued in their individual capacities are "persons" for purposes of 42 U.S.C. § 1983." *Mitchell v. Amarillo Hospital District,* 855 S.W.2d 857 (1993).

29     Synonymously, "Suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent [because] there no longer exists a need to bring official-capacity actions against local government officials, since local government units

can be sued directly." *Lamar Advertising of Mobile v. City of Lakeland,* 980 F. Supp. 1455, 1459 (M.D. Fla. 1997).

30.     Immunity is not an automatic cover against wrongdoing. Rather, it is intended to shield officers from frivolous suits while performing their duties in accordance with the law. It is however necessary to draw the line when an officer attempts to use *immunity* to escape wrongdoing. i.e., "A public official performing a discretionary function enjoys qualified immunity in a civil action, provided the conduct alleged did not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known." *McAdoo v. Texas*, 565 F. Supp. 2d 733 (2005).

31.     Defendant violated Plaintiff's Fifth and Fourteenth Amendment Rights, he acted outside his discretionary function, therefore, immunity cannot apply.

32.     Defendant caused about $15,000 in damages to Plaintiff's backhoe due to the reckless manner in which it was towed.

## VI. PRAYER FOR RELIEF

WHEREFORE Plaintiff prays the court the following:

   a.  Damages, restitution and court costs of $13,744.54.

   b.  Damages caused to backhoe due to reckless towing, in the amount of $10,000.

   c.  A refund of daily amount for storage, including towing charges in the amount $5,674.81

   d.  Compensatory and punitive damages as the court deems fit for violating Plaintiff's rights and for tarnishing Plaintiff's reputation within the community.

Dated ___2⅂___ July, 2023

Respectfully Submitted,

Mathew Otero (Pro Se).

## CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of July 2023 a true and complete copy of the foregoing was served by United States mail, first class postage prepaid and /or via email/ to MCKibben, Martinez, Jarvis & Wood L.L.P. at pmartinez@mmjw-law.com; jmckibben@mcv-law.com.

**MCKIBBEN, MARTINEZ, JARVIS & WOOD, L.L.P.**

555 North Carancahua St, Suite 1100

Corpus Christi, Texas 78401

(Attorney for Defendants)



**Mathew Otero (Pro Se)**

Complaint 9